FILED

12/02/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0321

DA 24-0321

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 279N

IN RE THE MARRIAGE OF:

MITCHELL BURGARD,

Petitioner and Appellee,

and

STACY JACOBSEN,

Respondent and Appellant.

APPEAL FROM: District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DR-15-2015-141
Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jason M. Scott, P. Mars Scott Law Offices, Missoula, Montana

For Appellee:

Marybeth M. Sampsel, Measure Law, PC, Kalispell, Montana

Submitted on Briefs: November 13, 2025

Decided: December 2, 2025

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant, Stacy Jacobsen (Jacobsen), appeals from the February 15, 2024 Findings of Fact, Conclusions of Law and Order on Respondent's Motion for Contempt and the May 2, 2024 Notice and Order to Close Matter issued by the Eleventh Judicial District Court, Flathead County. We affirm.

¶3 This dispute is over a nearly 18-year-old cat, Yasmine. The parties were previously married and divorced on December 17, 2015. In conjunction with their divorce, the parties entered into a Marital Property Settlement Agreement (MPSA) on November 23, 2015. With regard to control and custody of Yasmine, the MPSA provided:

> Wife shall be awarded possession of the parties' cat (Yasmine). Husband agrees to care for said cat until Wife requests possession thereof. Following the sale of the marital home as set forth under ¶ 9(d) below, if Husband's new residence does not allow cats, he shall notify Wife and Wife shall make arrangements to either take the cat[] or make other arrangements for the care of the cat[] within 20 days following Wife's acknowledged receipt of said notice from Husband. If Wife fails to take the cat or make arrangements for care, Husband shall be allowed to give the cat[] to an appropriate caregiver.

¶4 Post-dissolution, Appellee, Mitchell Burgard (Burgard), remained in the family home and Yasmine continued to reside with him. In 2016, Burgard, in conjunction with the sale of the marital home, gave formal notice to Jacobsen's attorney on June 16, 2016,

2

that the marital home was being sold and requested Jacobsen take custody of Yasmine pursuant to the MPSA. Jacobsen was unable to take Yasmine or make arrangements for her care and on July 29, 2016, sought extension of the deadline to do so. Burgard responded that same day stating he was "OK with it being longer than exactly 21 days, as long as there is momentum and progress towards a solution," and agreed to extend the timeline for "a matter of weeks or months and not years." Jacobsen did not take possession of Yasmine or make other arrangements for her care in "a matter of weeks or months" and she remained in Burgard's care. Nearly seven years later, in February 2023, Jacobsen sought to obtain custody of Yasmine. Burgard declined to surrender custody, asserting Jacobsen forfeited any right she may have to claim possession of Yasmine.

¶5 Approximately nine months after her demand was denied, and almost eight years after the divorce, on November 16, 2023, Jacobsen filed a Motion for Contempt alleging Burgard violated the MPSA by failing to transfer Yasmine to her. On January 16, 2024, the District Court held a hearing on Jacobsen's motion. At the conclusion of the hearing, the court orally denied the contempt motion and made the following finding:

> The Court does find that [Burgard] gave [Jacobsen] notice. [Jacobsen] understood that notice. That was corroborated through Exhibit D, which . . . [Jacobsen] posted on Facebook trying to find somebody to take the cat. [Jacobsen] did not provide any financial support for the cat. [Burgard] did give an extension of weeks and months, but not years.

The District Court followed its oral findings and denial of contempt with its February 15, 2024 Findings of Fact, Conclusions of Law and Order on Respondent's Motion for Contempt. Jacobsen did not appeal this order within 30 days. Rather, on February 27, 2024, Jacobsen filed a motion seeking consideration of additional evidence pursuant to

3

M. R. Civ. P. 59 and 60. On March 18, 2024, Jacobsen filed a Petition for Out-of-Time Appeal, which this Court denied on March 26, 2024, after concluding Jacobsen sought to appeal an improper order that did not affect her substantial rights. Thereafter, the District Court did not rule on Jacobsen's motion seeking consideration of additional evidence; thus, it was deemed denied after 60 days by operation of law. *See* M. R. Civ. P. 59(g), 60(c). On May 2, 2024, the District Court issued its Notice and Order to Close Matter, after which Jacobsen filed her current appeal.

¶6 Following Jacobsen's filing of her opening brief, Burgard filed a motion to dismiss, asserting Jacobsen's appeal was, in essence, an appeal of the District Court's non-appealable order of February 15, 2024, denying her motion for contempt. Inexplicably, this Court denied Burgard's motion to dismiss concluding the February 15, 2024 order—which we previously determined to be unappealable in March 2024—was now appealable.

¶7 We review orders of a district court denying contempt for a blatant abuse of discretion. *In re Marriage of Harms*, 2022 MT 41, ¶ 11, 408 Mont. 15, 504 P.3d 1108. "The test for abuse of discretion is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice." *Harms*, ¶ 11 (citation omitted). Marital property settlement agreements are governed by contract law. *Harms*, ¶ 12; § 40-4-201(5), MCA. We review construction and interpretation of a written agreement and whether ambiguity exists for correctness. *Harms*, ¶ 12; *Eschenbacher v. Anderson*, 2001 MT 206, ¶ 21, 306 Mont. 321, 34 P.3d 87.

4

¶8 Preliminarily, Burgard re-asserts Jacobsen's appeal should be dismissed pursuant to § 3-1-523(2), MCA, as contempt orders are generally final and not appealable unless the order includes an ancillary order affecting the substantial rights of a party. He asserts the District Court's February 15, 2024 order denying Jacobsen's contempt motion did not affect the substantial rights of any party and that our order on March 26, 2024, established that the District Court's order was not an appealable order. While Burgard makes a persuasive argument given our rather inconsistent orders,[1] we proceed with determining Jacobsen's appeal on the merits.

¶9 Upon our review of the record, we find Jacobsen's assertions that the District Court misinterpreted the MPSA resulting in an improper modification of the divorce decree unavailing. Courts must interpret contracts to give effect to the parties' mutual intentions as they existed at the time of contracting. Section 28-3-301, MCA. If possible, the parties' intention must be ascertained from the writing alone. Section 28-3-303, MCA. Where a contract provision is clear and unambiguous, a court must apply the language as written. *Morley v. Morley*, 2022 MT 12, ¶ 26, 407 Mont. 241, 502 P.3d 666. Mere party disagreement over meaning is not sufficient to create an ambiguity; rather, whether an ambiguity exists is determined objectively. *Gabert v. Seaman*, 2025 MT 198, ¶ 17, 424 Mont. 9, 574 P.3d 920.

---

[1] First, our denial of Jacobsen's out-of-time appeal request on the basis that the District Court's February 24, 2024 order denying Jacobsen's contempt motion was an unappealable order. Then our May 6, 2025 order to the contrary, finding the District Court's February 24, 2024 order appealable on the basis that the District Court had since rendered final judgment.

¶10 The District Court did not misinterpret the parties' MPSA. Pursuant to the MPSA, on June 16, 2016, Burgard provided written notice to Jacobsen, through her attorney, that the marital home was being sold and requested that Jacobsen take custody of Yasmine. From this, it is reasonable to presume Burgard did not believe that, upon sale of the family home, he would reside in a residence permitting him to have a cat. There is no dispute Jacobsen received the notice which started the 20-day time limit for her to either take possession of Yasmine or make other arrangements for her care. Although Burgard was not required under the MPSA to give Jacobsen additional time to take Yasmine or arrange for her care, upon Jacobsen's request, he agreed to extend the timeline for "weeks or months and not years." The MPSA did not provide Jacobsen with an "indefinite right to possession of Yasmine," as asserted by Jacobsen. Her right to possess Yasmine expired under the MPSA, as modified by the agreed upon time extension, months after the extension was given—not years after. There is no dispute; Jacobsen did not take possession of Yasmine or make any other arrangements for Jasmine's care within "a matter of weeks and months" of the agreed extension but instead waited several years before making demand of Burgard in February 2023. Upon expiration of the extended time period, Jacobsen had no further right to possess Yasmine under the MPSA. There is nothing in the MPSA precluding Burgard from then giving the cat to himself. We find nothing amiss or incorrect as to the District Court's construction and interpretation of the MPSA in this regard. As such, we find no blatant abuse of discretion in the District Court's decision not to find Burgard in contempt.

6

¶11     Given the confusion created by this Court in issuing arguably inconsistent orders, we do not fault Jacobsen for pursuing this appeal as we permitted it.  Thus, we decline to award attorney fees and costs on appeal.

¶12     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13     Affirmed.

/S/ INGRID GUSTAFSON

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ KATHERINE M. BIDEGARAY
/S/ JIM RICE

7